UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RICHARD L. MILAN, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 2:09CV00024 AGF |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's application for reimbursement of attorney's fees in the amount of $4,331.64 (24.7 hours at an hourly rate of $175.37), pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Plaintiff is the prevailing party in his action challenging the Commissioner of Social Security's denial of Plaintiff's application for disability insurance benefits. Plaintiff's request for fees is supported by appropriate documentation.

In response, the Commissioner states that he does not object to the award of attorney's fees or to the amount sought. The Commissioner notes, however, that under Astrue v. Ratliff, 130 S. Ct. 2521 (2010), the award should be made payable to Plaintiff and not to Plaintiff's attorney.

Plaintiff argues that Ratliff left open the possibility that an attorney may collect such fees directly when the plaintiff assigned the right to claim such fees to the attorney

and where the plaintiff did not have any outstanding federal debt.  Plaintiff asserts that he assigned his right to collect attorney's fees to his attorney and that "in the event [he] owes no federal debt," he requests that his award of attorney's fees be made directly to his attorney.

The Court disagrees with this interpretation of Ratliff.  In its decision, the Supreme Court stated that the Government's history of paying EAJA award directly to attorneys where the plaintiff did not have federal debt and where the plaintiff had assigned the right to receive the fees to the attorney did not change the Supreme Court's interpretation of the EAJA requiring that an award of attorney's fees be made directly to the "prevailing party."  Id. at 2529.

In its response to Plaintiff's motion for attorney's fees, the Commissioner suggests that "[f]ollowing an order by this Court awarding an EAJA fee to Plaintiff, Defendant will verify whether Plaintiff owes a debt to the United States that is subject to offset.  If there is no debt owed by Plaintiff, the fee will be made payable to Plaintiff's attorney based on the assignment."  The Court believes that the better practice is to follow the Supreme Court's directive in Ratliff that under the EAJA, an award of attorney's fees be made to the "prevailing party."

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application for attorney's fees is **GRANTED** in the amount of $4,331.64.  [Doc. #23]

**IT IS FURTHER ORDERED** that said award shall be made payable to Plaintiff.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of November, 2010.